SHAWN A. WOMACK, Associate Justice
Willie G. Davis, Jr., an inmate serving a life sentence in the custody of the Arkansas Department of Correction ("ADC"), filed a petition for writ of mandamus in the Desha County Circuit Court. The circuit court never obtained jurisdiction over James DePriest, who was not a named party and had not been served, and therefore it could not compel his action. As the circuit court had no jurisdiction below, it correctly denied Davis's petition. We affirm.
Davis's writ of mandamus was an attempt to compel production of forensic test results related to his murder conviction. The named respondent on that petition was Thomas Deen, the prosecuting attorney in Davis's case. Davis had been informed by an official with the Arkansas State Crime Laboratory ("the crime lab") that Deen's consent was necessary to release the records. That petition was denied by the circuit court; this Court, however, reversed and remanded on appeal and directed that the circuit court enter an order compelling the crime lab to release the information Davis requested. Davis v. Deen , 2014 Ark. 313, at 3, 437 S.W.3d 694, 695. Pursuant to this order, the crime lab mailed Davis his file. On receipt of the file, however, ADC Chief Legal Counsel James B. DePriest determined that the file contained material that was prohibited by ADC's contraband policies--namely, the photographs of the victim's naked body. ADC confiscated the package. This action precipitated the present litigation. Davis filed another petition for writ of mandamus in the Desha County Circuit Court requesting that DePriest be compelled to release the file. The circuit court denied this petition as well, noting that there was no indication DePriest had been served with process in the matter. Davis appeals from that denial.
The requirement that individuals and entities being haled into court be served with process is central to the American legal system. Service of valid process is a threshold requirement for establishing a court's personal jurisdiction over a party. See, e.g. , Raymond v. Raymond , 343 Ark. 480, 484, 36 S.W.3d 733, 735 (2001). This requirement's necessity is especially clear in the context of a petition for writ of mandamus, because the writ can only issue when the petitioner demonstrates that a specific actor failed to complete a defined, *274 nondiscretionary act to which the petitioning party has a clear and certain right. See, e.g. , Russell v. Pope , 2015 Ark. 199, at 2, 461 S.W.3d 681, 682. We construe both statutory and rules-based service requirements strictly, and any proceedings occurring after invalid service are considered void from the beginning. See, e.g. , Carruth v. Design Interiors, Inc. , 324 Ark. 373, 374-75, 921 S.W.2d 944, 945 (1996).
It is uncontested that DePriest was the individual Davis wished to compel to act in this case, and it is also uncontested that DePriest was neither served with process nor even named in this case's caption, which relates to Davis's earlier grievance against the prosecutor, Deen. The circuit court was correct to deny Davis's petition due to this procedural and jurisdictional defect; any other course of action would have been entirely void.
Affirmed.
Baker and Hart, JJ., concur.